IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANTHONY ALEXANDER                                                    PLAINTIFF

v.                          No: 5:18-cv-00162 BRW-PSH

McLINTEN, *et al.*                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Anthony Alexander, who is currently held at the W.C. "Dub" Brassell Adult Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 18, 2018 (Doc. No. 2). Alexander alleges he was verbally assaulted by another inmate and feels unsafe.

### I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants

are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Although a *pro se* complaint is construed liberally, it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

Having liberally construed Alexander's complaint, the Court finds Alexander fails to allege sufficient facts to state a claim upon which relief may be granted, as explained below, and recommends that his complaint be dismissed without prejudice.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Alexander claims that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by creating unsafe prison conditions. Specifically, Alexander alleges that he previously informed guards that a certain inmate named Beasley had attacked another inmate. Doc. No. 2 at 4. Alexander claims that Beasley later entered his cell and made threatening gestures towards him before defendant McLinten came in and told Beasley he did not belong in there. *Id.* at 4 & 5-6. Alexander questions how Beasley was able to get through three locked doors to reach him. *Id.* at 4. Alexander states he suffered psychological injury in that he does not feel safe. *Id.* at 4 & 6.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement as well as adequate food, clothing, shelter, and medical care, and they "must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To state an Eighth Amendment claim based on lack of safety, Alexander must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Id*. He must also show that defendant "both knew of and disregarded an excessive risk to [his] health and safety." *Holden v. Hirner,* 663 F.3d 326, 341 (8th Cir.2011). Such conduct is, "akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Alexander's allegations are not sufficient to state an Eighth Amendment claim. An inmate who may have reason to hurt Alexander reached his cell on one occasion and made verbal threats. Defendant McLinten intercepted and removed the inmate. Those facts do not show that the named defendants knew of but disregarded an excessive risk to Alexander's safety. Alexander does not otherwise describe how the jail is unsafe. Additionally, Alexander admits he has suffered no injury other than fear and anxiety as a result of the incident he describes. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Alexander's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 19th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE